IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL BROWN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HARRIS & HARRIS, Ltd.,<br><br>Defendant. | Case No. 20-cv-06117<br><br>Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, Daniel Brown, on behalf of himself and all putative class members, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

### STANDING

3. Defendant sent Plaintiff a collection letter that contained a false threat regarding an alleged medical debt appearing on his credit report.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats. *E.g. Genova v. IC Systems, Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

1

5. Defendant has also threatened to harm Plaintiff's reputation with potential creditors.

6. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

7. Plaintiff, Daniel Brown ("Plaintiff"), is a resident of the state of Illinois from whom Defendant attempted to collect a consumer debt allegedly owed for a defaulted medical account with Northwestern Medical Group. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

8. Defendant, Harris & Harris, LTD ("Harris"), is an Illinois law firm. Its registered agent is MS Registered Agent Services located at 191 N. Wacker Drive, Suite 1800, Chicago, IL 60606.

9. Harris holds a collection agency license from the State of Illinois.

10. Harris regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is therefore a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred an alleged medical debt originally owed to Northwestern Medical Group ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Plaintiff has not yet paid the medical debt and it has gone into default.

13. Harris subsequently began collecting the alleged debt.

14. On or about July 24, 2020, Harris sent a collection letter ("Letter") directly to Plaintiff regarding the alleged debt. (Exhibit A, Letter).

15. The Letter conveyed information regarding the alleged debt, including an account number, client number, and an amount due.

16. The Letter was thus a "communication" as that term is defined at §1692a(2) of the FDCPA.

17. The Letter states in relevant part that:

> Some of the accounts listed in the detail box may have already been reported to the credit bureaus.

Exhibit A, Letter

18. In fact none of the accounts was already reported to a credit bureau nor could any of the accounts been displayed on Plaintiff's credit report.

19. Harris' suggestion of delinquent credit reporting regarding accounts that have already been reported to the credit bureaus was false.

20. A medical debt may not be displayed on a credit report until the bill is 180 days beyond the date of the first delinquency.

21. The Consumer Reporting Agencies ("CRAs") have signed an agreement with the Attorney General of the State of Illinois prohibiting such reporting since 2015.

22. The agreement states in relevant part:

> To allow appropriate time for insurance remediation and clarity on what a consumer's individual payment obligation is for a medical account, the CRAs shall prevent the reporting and display of medical debt identified and furnished by Collection Furnishers when the date of the first delinquency is less than one hundred and eighty (180) days prior to the date that the account is reported to the CRAs.

Assurance of Voluntary Compliance, *In the Matter of the Investigation by Eric T. Schneiderman, Attorney General of the State of New York* (New York, 2015)

23. Harris' threat was intended to make the consumer afraid of negative effects on his credit report and rating, despite the grace period.

24. Harris made this false threat in an attempt to coerce Plaintiff into paying the balance in full on the alleged debt upon receipt of the Letter.

25. Plaintiff was confused by Harris saying some of the accounts listed may have already been reported when none of the accounts could actually be placed on his credit report.

26. The unsophisticated consumer would be confused by Harris saying some of the accounts listed may have already been reported when none of the accounts could actually be placed on his credit report.

27. It is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass. *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir.2012).

28. Conditional language (e.g. "*may* have already been reported") does not insulate a debt collector from liability. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055 (9th Cir. 2011) (Cited by *Lox v. CDA, Ltd.*, 689 F.3d 818 (7th Cir. 2012).

29. The alleged debt for the two medical services Plaintiff received on December 26, 2019, contained in Exhibit A, could not have been displayed on Plaintiff's credit report given

that the first medical bill that Plaintiff received for these services was on February 15, 2020 and did not become delinquent until March 7, 2020, then beginning the 180-day grace period.

30. Thus the debts were still well within the grace period when Defendant sent the Letter.

31. Harris' threats to Plaintiff's good credit were false and designed to coerce payment.

32. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

33. Harris threatened an action that could not legally be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it suggested that Plaintiff's medical debts could have already have appeared on his credit report despite being within a 6 month grace period.

34. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

35. Harris used unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when it threated that a medical debt it could have already appeared on his credit report despite being well within the grace period for such debts appearing on a credit report.

36. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## **CLASS ALLEGATIONS**

37. Plaintiff, Daniel Brown, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect a debt (3) by sending a letter stating that some of the accounts listed in the detail box may have already been reported (4) regarding medical debts less than 6 months delinquent (5) sent between one year prior to the filing of this Class Action Complaint to the filing of this Class Action Complaint.

38. Defendant regularly engages in debt collection, including attempting to collect defaulted consumer debts owed to others via the mails, in its regular course of business.

39. As exhibit A is a form letter, the Class likely consists of more than 40 persons from whom Defendant attempted to collect a debt using the same or similar form letter and envelope.

40. Plaintiff Brown's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

41. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class and would, as a practical matter, either be dispositive of the interests of other members of

the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

42. Plaintiff Brown will fairly and adequately protect and represent the interests of the Class. The factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

43. Moreover, Plaintiff Brown has retained counsel that has been approved as class counsel in prior actions brought under the FDCPA.

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

44. Harris threatened an action that could not legally be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it suggested that Plaintiff's medical debts could have already have appeared on his credit report despite being within a 6 month grace period.

45. Harris used unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when it threated that a medical debt it could have already appeared on his credit report despite being well within the grace period for such debts appearing on a credit report.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the class, and against Defendant as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael Wood

                                              Michael Wood

Michael Wood
Celetha Chatman
**Community Lawyers LLC**
20 N. Clark Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com